## Hunsicker's Estate

*Franklin C. Hutchinson,* for petitioner.

*Walton Coates,* guardian and trustee ad litem, p. p.

HOLLAND, P. J., March 21, 1944.—The petition was filed March 3, 1944, wherein Montgomery Trust Company, trustee for Helen L. H. McGrath, by appointment of Edwin S. Hunsicker in exercise of power of

appointment under the will of Charles Hunsicker, deceased, above-named decedent, petitioned for authority, under the Revised Price Act, to sell real estate therein described at private sale. By specific authority contained in the terms of the trust the trustee had purchased for the use and occupation of the cestui que trust a house at a cost of $6,000 paid for, by the same specific authority, out of the proportion of the trust of which the said cestui que trust had the benefit. Helen L. H. McGrath, the said cestui que trust, occupied the property from July 18, 1938, the date of its acquisition by the trustee, until recently, when she moved out and took up her residence elsewhere in accordance with her own desires and convenience. For this reason both she and the trustee desire the property sold and pray that authority be given to consummate the private sale suggested in the petition for the sum of $7,250, and according to the terms therein specified.

All interested parties, including the guardian and trustee ad litem, join in the prayer of the petition, agree that the court has jurisdiction and the statutory authority to authorize the sale, and are satisfied with the adequacy of the price. In these conclusions the court concurs. The guardian and trustee ad litem, in his report, raises one question. It is averred in the petition, and conceded to be a fact, that Mrs. McGrath during her occupancy of the property expended out of her own funds upwards of $1,200 in improvements in and about the property for the greater comfort and convenience of herself and her family. These improvements inside, outside, and surrounding the residence obviously contributed to the enhancement of the value of the property. Mrs. McGrath and the trustee request, and urge it as proper, that out of the purchase money of $7,250 the trust be reimbursed to the extent of its original investment of $6,000 and the overplus of $1,250 be awarded to Mrs. McGrath in reimbursement of her ex-

penditures, all the costs of this proceeding, including attorney's fee, to be deducted from the said $1,250, she being content to receive the balance after said payment. The guardian and trustee ad litem raises the question whether the court can properly authorize this suggested distribution of the proceeds of the sale and suggests that Mrs. McGrath made the expenditures and improvements as a volunteer and that any bearing that the improvements had in enhancing the value of the property above the original investment therein inures to the benefit of the trust and should remain in the trust the same as any other increase in value of a trust asset.

In suggesting that Mrs. McGrath is a mere volunteer in improving the property of another and, therefore, not entitled to any reimbursement therefor, the guardian and trustee ad litem states in his report that there is a scarcity of authority on the question in Pennsylvania, and, in fact, it appears to be nonexistent. He, accordingly, resorts to the Restatement of the Law upon the subject of Restitution, as follows: "A person who without mistake, coercion or request has unconditionally conferred a benefit upon another is not entitled to restitution, except where the benefit was conferred under circumstances making such action necessary for the protection of the interests of the other or of third persons": A. L. I. Restatement of Restitution, §112.

He further refers us to illustration 3 under the above section of the Restatement as follows: "During A's absence and in the belief that A will be willing to pay for the work, B improves A's land, which is worth and is offered for sale at $5,000, to such an extent that upon A's return he sells the land for $8,000. B is not entitled to restitution from A."

These principles of law seem to be sound and, in the absence of the expression of Pennsylvania authority, we would not hesitate to adopt them if applicable to this case. We are of the opinion that the guardian and trustee ad litem has invoked the correct principle deter-

minative of the question which he raises, that is, the principle of restitution, but hold that in its application to the facts of this case the conclusion suggested by him is not correct.

We see a difference between the case of an ordinary volunteer without mistake, coercion, or request unconditionally conferring a benefit upon the property of another who is a total stranger to the benefactor insofar as their property relations are concerned, and the case of a cestui que trust of a property who has a definite equitable, though not legal, interest therein, voluntarily conferring a benefit upon the trustee who holds the property for said cestui que trust. Mrs. McGrath, according to the terms of the trust, had the right to demand that the trustee purchase the property at a cost not to exceed $6,000, and, the trustee having so purchased it, she had the exclusive right to use, occupy, and enjoy it until the termination of the trust or unless she died previous thereto. She had the equitable beneficial interest in the property during this period. The trustee, according to the restrictions in the trust, could not expend more than $6,000, but we see no reason why she, knowing her equitable interest therein, and knowing that she could not be dispossessed until she desired to give up the possession, could not make such additional expenditures out of her own funds as to increase, according to her wishes, the comfort, convenience, and enjoyment of herself and family in the use of the property. Furthermore, it seems equitable that, at the sale of the property, what the trustee had contributed, according to the terms of the trust, and what she had contributed, should be respectively returned to them except that the trust would have the priority of being reimbursed to the full extent of the original investment. This latter mentioned exception is just for two reasons, first, because she could have continued to occupy the property until the end of the trust or until her death, and hence the necessity of the sale is because she

changed her mind and wishes to live elsewhere, and the principal of the trust should not be depleted on account of her changing whims, and second, presumably if the property is sold she might request the trustee, as she has a right to do, to buy her a different and other house not to exceed in cost $6,000, wherefore, a minimum of $6,000 should be available if and when it is the desire of the trustee to provide her a home in accordance with the aforesaid terms of the trust. We, therefore, are of the opinion that the principles of restitution, though sound, do not apply to Mrs. McGrath on account of her peculiar relation to the trustee, the trust, and the property in question. It cannot be said that she was a mere volunteer, as in the ordinary case, but, on the contrary, was putting the improvements in a property in which she had the clear right of possession, and in which she had an equitable interest, therefore, it might be said, she was improving her own property, or at least improving the property of which the trustee held the legal title but of which she was the exclusive beneficiary. For these reasons, we deem it equitable and just that her request should be granted, and that out of the proceeds of the sale $6,000 should be returned to the principal of the trust and the excess of $1,250 be paid to Mrs. McGrath after payment thereout of the expenses of this proceeding, including attorney's fee. This authority will be incorporated in a final decree.

There is awarded to Walton Coates, guardian and trustee ad litem as aforesaid, a fee of $35, payable out of the said fund of $1,250 due Mrs. McGrath, less the expenses aforesaid.

And now, March 21, 1944, we find that the court has jurisdiction of the proceeding, that the price is adequate, and that it is proper for the court to authorize the sale as prayed for and the distribution as requested. The final decree attached to the petition is being executed as of even date herewith.